IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN ALAN CONROY,
No. 42054-177,

                Petitioner,

vs.                                          CIVIL NO.  15-00528-DRH

WARDEN WALTON,

                Respondent.

**MEMORANDUM AND ORDER**

**HERNDON, Judge:**

      Petitioner John Alan Conroy, an inmate currently housed at the United States Penitentiary in Marion, Illinois, is petitioning for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He wants to overturn his criminal conviction and sentence in *United States v. Conroy*, Case No. 10-cr-00041-C-BG-1 (N.D. Tex. 2011).

      Conroy's amended petition (Doc. 10) is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts.  Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241.

## Procedural History

Petitioner Conroy pleaded guilty to production of child pornography (18 U.S.C. § 2251(a)) and receiving a visual depiction of a minor engaging in sexually explicit conduct (18 U.S.C. § 2252(a)(2)).  *United States v. Conroy*, No. 10-cr-041-C-BG-, Doc. 271 (N.D. Tex.).  In March 2011, he was sentenced to a total term of 405 months' imprisonment.  *Id*. at Doc. 36.  Consistent with the plea agreement, no direct appeal was taken.

For purposes of the plea agreement and sentencing,[1] Conroy admitted that that while he was unemployed and often left to care for his live-in girlfriend's children, he engaged in numerous sexual acts with the victim, who at the time was 7 years old.  Relevant to the present habeas corpus action, Conroy and the victim performed oral sex on each other (with Conroy "in control" of the victim's head, and with the victim chocking on Conroy's penis); Conroy placed a razor in the victim's anus, causing lacerations, which the victim said "hurt really bad," because Conroy had trouble penetrating her anus with his penis.  These acts were videotaped, and the recordings were found during a consent search, as was a razor matching the description given by the victim.  Conroy was interrogated by law enforcement agents, and he admitted to having sexual contact with the victim on 12 occasions during an approximately nine-month period. Other details are not relevant to this action and, therefore, have been omitted.

---

[1] The Texas district court relied upon the synopsis of facts contained in the government's response to Conroy's Section 2255 motion, which relied upon the factual resume in the presentence report upon which Conroy's sentence was based.  *See Conroy*, No. 12-cv-015-01-C, Doc. 14, p. 1 n. 1; Doc. 7, pp. 7-9.

In February 2012, pursuant to 28 U.S.C. § 2255, Conroy moved to vacate, set aside, or correct his sentence. *Conroy v. United States*, No. 12-cv-015-C, Doc. 1 (N.D. Tex.). He contended his trial counsel was ineffective by:

(1) failing to relay discovery materials to Conroy until 255 days after sentencing, leaving Conroy uninformed during the plea and sentencing process—unable to challenge false aspects of the presentence report;

(2) failing to research and move for the suppression of evidence stemming from promises, threats and coercion by the state police during Conroy's initial interrogation, search and seizure;

(3) not moving to dismiss based on a Speedy Trial Act violation; and

(4) failing to secure a mental competency evaluation in light of Conroy's history of PTSD, depression, anxiety, and impulse control disorder.

By order dated September 24, 2013, the district court denied Conroy's Section 2255 motion. *Conroy*, No. 12-cv-015-C, Doc. 14. In March 2014, the Court of Appeals for the Fifth Circuit subsequently declined to issue a certificate of appealability because Conroy had failed to make a substantial showing of a constitutional right. *Id*. at Doc. 20.

In October 2014, the Fifth Circuit denied Conroy's request to proceed with a successive Section 2255 petition. *In re John Alan Conroy*, No. 14-10643 (5th Cir. 2014). Among the reasons proffered for filing a successive petition, Conroy asserted that discovery materials were not disclosed as part of an effort to cover-up an unconstitutional interrogation and confession—i.e., where he was threatened. *Id*., Memo in Support, p. 30. The appellate court concluded Conroy

had failed to make a *prima facie* showing that he had newly discovered evidence; motions for expansion of the record, discovery, and an evidentiary hearing were denied.

A civil rights action regarding threats and coercion during his interrogation was dismissed as time barred and frivolous. *Conroy v. Rider*, No. 13-cv-0149-C (N.D. Tex. 2013); aff'd, No. 13-11054 (5th Cir. 2014).

The present Section 2241 action for issuance of a writ of habeas corpus was initiated on May 11, 2015.

### Arguments Presented

Petitioner Conroy now contends, first and foremost, that he is actually innocent of the allegation of rape used in the indictment, plea and at sentencing. He asserts the government knew the victim was still a virgin and the reported injuries were false—as evidenced in the SANE report[2] of the victim's medical exam, which he did not receive until 255 days after he was sentenced. More specifically, Conroy argues that any juror would have concluded the victim had not been raped as described in the presentence report because the SANE report does not reflect that the anus and vagina were ripped apart, and that the victim did not hurt so bad she was screaming.

Additional arguments for relief include that: (2) police only gained consent to search by threatening to kill Conroy; (3) he was coerced into falsely confessing

---

[2] "SANE" is the acronym for sexual assault nurse examiner. *See* https://www.ncjrs.gov/ovc_archives/reports/saneguide.pdf sane report. The SANE report is attached to the amended petition (Doc. 10-1, pp. 2-8).

after police promised leniency, threatened that Conroy would never make it to the stand to testify, and threatening his family—all of which Conroy asserts is captured on a video recording he has yet to secure, but which has been identified by a private investigator; and (4) the aforementioned improprieties constitute a "*Brady* violation."[3]

The amended petition seeks an order directing Texas authorities to produce the interrogation video, which Conroy contends will evince police misconduct and that he was never afforded the leniency promised. He otherwise requests "any and all relief the Court deems appropriate." (Doc. 10, p. 8).

### Motions for Subpoenas

Before analyzing the petition itself, Conroy's motions for issuance of subpoenas (Docs. 11, 12) must be addressed, as they are intertwined in his claim of actual innocence and his eligibility to proceed under Section 2241.

Conroy wants a subpoena to issue to the Texas Department of Public Safety/Texas Rangers for information and evidence regarding his interrogation on July 3, 2010. As indicated in the amended petition, Conroy believes the video recording of his interrogation will reveal promises of leniency not kept, threats

---

[3] The reference to *Brady* is unclear; two possible Supreme Court cases appear relevant. First, *Brady v. United States*, 397 U.S. 742 (1970), which was discussed relative to Conroy's Section 2255 motion. In that case the Supreme Court cautioned that a confession and guilty plea could be overturned because of coercion, threats of violence and unfulfilled promises. *Id*. at 749-51. Second, *Brady v. Maryland*, 373 U.S. 83 (1963)—also discussed relative to the Section 2255 motion—in which the government withheld until after trial, conviction and sentencing evidence material to guilt or punishment favorable to the accused was deemed a due process violation sufficient to warrant a retrial.

and coercion. He asserts that this evidence has been withheld from him and, therefore, has been unavailable to date. The targets of the other subpoenas are not identified.

In accordance with Rule 6(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts the requests are construed as motions for discovery subpoenas. A habeas petitioner is not entitled to discovery as a matter of right. *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rather, Rule 6(a) requires leave of court before discovery can be conducted in a habeas corpus action. In order to satisfy Rule 6(a), a petitioner must: "(1) make a colorable claim showing that the underlying facts, if proven, constitute a constitutional violation; and (2) show "good cause" for the discovery." *Hubanks v. Frank*, 392 F.3d 926, 933 (7th Cir. 2004) (internal citations omitted).

The wrongful withholding of a video recording of coercion and improper inducements would support a constitutional violation similar to those in *Brady v. Maryland*, 373 U.S. 83 (1963), and *Brady v. United States*, 397 U.S. 742 (1970). However, Conroy has not shown good cause for permitting discovery in this situation. Conroy does not allege that the video recording of his interrogation was sought and improperly withheld (*see Webster v. Daniels*, 784 F.3d 1123, 1139-40 (7th Cir. 2015)), and he does not offer argument, an affidavit or other evidence to support his assertion that a video recording exists and has been improperly withheld from him. Also, the withholding of discovery vis-a-vis his plea and

sentencing was raised in Conroy's Section 2255 motion and rejected. *See Conroy*, No. 12-cv-015, Doc. 8, pp. 6-9.

This appears more like a fishing expedition than discovery. In any event, Section 2255, not Section 2241 is the correct avenue for presenting new evidence. *See* 28 U.S.C. § 2255(h). For these reasons, the motions for issuance of a subpoena (Docs. 11, 12) are **DENIED**.

### Analysis of the Petition

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are limited to challenges regarding the execution of a sentence. *See*, *Valona v. United States,* 138 F.3d 693, 694 (7th Cir. 1998).

A prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. A motion under Section 2255 is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer u. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to bringing only *one* motion under Section 2255. A prisoner may not file a "second or successive" motion unless a panel of the appropriate court of appeals certifies that such motion contains either (1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

However, it is possible, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. The "savings clause" in 28 U.S.C. § 2255(e) authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." The Seventh Circuit construed the savings clause in *In re Davenport,* 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Id*. (emphasis added).

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway,* 719 F.3d 583, 586 (7th Cir. 2013). *See also*, *Brown v. Rios,* 696 F3d 638, 640 (7th Cir. 2012).

Recently, in *Webster v. Daniels*, 784 F.3d 1123 (7th Cir. 2015), the Seventh Circuit reemphasized its view that that there is no absolute bar to the use of the Section 2255(e) savings clause for new evidence. *Id*. at 1125. "[N]evertheless, … there must be some kind of structural problem with [S]ection 2255 before [S]ection 2241 becomes available. In other words, something more than a lack of success with a [S]ection 2255 motion must exist before the savings clause is satisfied." *Id*. at 1136. The test remains whether Section 2255 is an inadequate or ineffective remedy, meaning "whether it allows the petitioner "a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence." *Id.* (quoting *Davenport,* 147 F.3d at 609). Conroy does not qualify under the savings clause.

Conroy's argument regarding the 255-day delay in giving him the SANE medical report was raised in his initial Section 2255 motion, and his arguments about threats, coercion and a false confession were raised in both the initial Section 2255 motion and in his motion for leave to file a successive Section 2255 motion. With respect to the SANE report, it was available and addressed in Conroy's Section 2255 motion. More to the point, the fact that petitioner may be barred from bringing a second/successive Section 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *Davenport,* 147 F.3d at 609–10. Section 2255(h) specifically provides for situations involving newly discovered evidence, and Conroy has not offered any other argument for why Section 2255 is

inadequate.  He cannot be permitted to circumvent the restrictions in Section 2255(h) by merely refashioning his arguments into a Section 2241 petition.

At the risk of offering an advisory opinion, Conroy has also not made a credible showing of actual innocence.  He asserts that the SANE report disproves the accusations of rape because the report indicates the victim is still a virgin.  This argument is based on the false premise that only vaginal penetration constitutes rape.  Statutory rape under Texas law includes causing the penetration of the anus or sexual organ of a child by any means, and causing the penetration of the mouth of a child by the sexual organ of the actor. Tex. Penal Code §§ 22.011(a)(2)(A)-(B).  Conroy's other objections about the report not reflecting that the anus and vagina were ripped apart, and the victim not hurting so badly that she screamed, are not well taken.  Conroy merely wants to argue about matters of degree.  The report reflects rectal bleeding, two half-centimeter healed lacerations at the rectum—all considered consistent with the acts described (*see* Doc. 10-1).

**IT IS THEREFORE ORDERED** that petitioner's motions for issuance of subpoenas (Docs. 11, 12) are **DENIED**.

**IT IS FURTHER ORDERED** that the amended Section 2241 petition for writ of habeas corpus (Doc. 10) is **DISMISSED** on the merits, with prejudice.  The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(4).  A

motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. See FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725–26 (7th Cir. 2008). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30–day appeal deadline. It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir.2000).

**IT IS SO ORDERED.**

**Signed this 17th day of July, 2015.**

Digitally signed by David R. Herndon
Date: 2015.07.17 16:41:32 -05'00'

**United States District Judge**